IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,<br>  Plaintiffs-Appellees,<br>v.<br>Merrick Garland, U.S. Attorney General; United states Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br>  Defendants-Appellants. | No. 22-11071 |
| BlackHawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms,<br>  Intervenor Plaintiff-Appellee,<br>v.<br>Merrick Garland, U.S. Attorney General; United states Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br>  Defendants-Appellants. | No. 22-11086 |

**BLACKHAWK MANUFACTURING GROUP INC.'S RESPONSE TO GOVERNMENT'S MOTION TO VOLUNTARILY DISMISS APPEALS**

Intervenor Plaintiff-Appellee, BlackHawk Manufacturing Group, Inc. ("BlackHawk"), by and through undersigned counsel, submits this response to Defendants-Appellants' (the "Government") Motion to Voluntarily Dismiss Appeals filed on August 14, 2023. Dkt. #101. BlackHawk opposes the Government's Motion and objects to voluntary dismissal of the appeal involving BlackHawk (No. 22-11086) for the reasons set forth below.

The legal question presented here is decidedly novel and BlackHawk is unaware of any case in any jurisdiction raising, let alone deciding, the same or similar issue. The Government has moved to dismiss appeals from preliminary injunctions entered by the district court on the grounds that final judgment has entered and "appeals from those injunctions are now moot." Dkt. #101 at 1. But that is not necessarily so.

For context: "This case presents the question of whether the federal government may lawfully regulate partially manufactured firearm components, related firearm products, and other tools and materials in keeping with the Gun Control Act of 1968." ROA.4575 (June 30, 2023 Summary Judgment Opinion & Order at 3). The district court granted preliminary injunctive relief to BlackHawk principally based on its finding that:

> [T]he Final Rule purports to regulate firearm parts—including incomplete, non-functional receivers and weapon parts kits—contrary to the plain language of the GCA, which confined ATF's authority to regulation of "firearms," a term clearly defined by the statute.

1

> Moreover, the Final Rule's expanded definition of "frame or receiver" to include partially manufactured, non-functional receivers within the meaning of "firearms"—contrary to the GCA's clear statutory definition—is facially unlawful.

ROA.1670 (Opinion & Order on BlackHawk's Preliminary Injunction Motion at 5) (footnotes omitted). In its June 30, 2023 summary judgment opinion, the district court reaffirmed its finding that "the government's recently enacted Final Rule, Definition of 'Frame or Receiver' and Identification of Firearms, …, is unlawful agency action taken in excess of the ATF's statutory jurisdiction." ROA.4575. On that basis, the district court vacated the Final Rule and denied all other claims for relief by the parties as moot. *Id.*; ROA.4857–58 (July 3, 2023 Final Judgment). After all, no injunctive relief (permanent or preliminary) was necessary given the district court's vacatur of the Final Rule.

This Court denied "the government's request to stay the vacatur of the two challenged portions of the Rule." Dkt. #45-1. The Government appealed and the Supreme Court of the United States stayed the district court's June 30, 2023 order and July 5, 2023 judgment only "insofar as they vacate the final rule." *Garland, Att'y Gen., et al. v. Vanderstok, Jennifer, et al.*, __ S. Ct. __, No. 23A82, Order in Pending Cases (Aug. 8, 2023) (the "Stay Order").

By staying—at the district court level—the vacatur of the Rule, the net effect of the Stay Order is to eliminate the underlying reason the district court denied further relief to the parties in the judgment and a key reason why a preliminary

injunction is unnecessary and moot. The Stay Order thus reestablishes the status quo ante—the world before the district court vacated the Rule—thereby automatically reviving the preliminary injunction by operation of law. Given the Government's current position that the provisions of the Rule the district court explicitly found unlawful *may be enforced against BlackHawk today*, the protections afforded by a preliminary injunction are not only essential but assuredly not moot. *See* Gov't Opp. to Emergency Motions for Injunction Pending Appeal, *Garland, et. al. v. VanDerStok, et al.*, No. 4:22-cv-00691-O (N.D. Tex. Aug. 17, 2023) (ECF No. 254 at 5).[1]

The Government naturally disagrees but only relies upon cases supporting the general proposition that preliminary injunctions ordinarily dissolve when a district court enters final judgment through merger. *See* Dkt. #101 at 1. None of the cases address the unique circumstances here—where an appellate court stayed the final judgment that ostensibly dissolved the preliminary injunction. *See Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) (denial of permanent relief moots denial of preliminary relief); *see also AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350 (11th Cir. 2021) (case did not involve stay of final judgment that supposedly extinguished preliminary injunction); *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d

---

[1] The Government's Opposition Brief is available at: https://storage.courtlistener.com/recap/gov.uscourts.txnd.366145/gov.uscourts.txnd.366145.254.0.pdf

429 (6th Cir. 2016) (same). Nor has the Government explained why it should be afforded the consequences of stay it favors—reestablishment of the status quo ante to resurrect its Final Rule—but not the consequences of a stay it disfavors—reestablishment of the status quo ante to revive the preliminary injunction protecting BlackHawk.

Even so, this Circuit has recognized that any "rule" that the preliminary injunction merges into the final judgment and becomes moot is not absolute. *See The Satanic Temple, Inc. v. Texas Health & Human Service Commission*, --- F.4th ----, 2023 WL 5316718 (5th Cir. Aug. 18, 2023) ("interlocutory orders rendered in the case *typically* merge with the judgment for purposes of appellate review") (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (emphasis added)). Exceptions include, for example, when the final judgment results from a dismissal for failure to prosecute, *see Shannon v. Gen. Elec. Co.*, 186 F.3d at 192, and when "the final judgment did not in terms resolve the issue" raised on appeal, *Stacey G. ex rel. William & Jane G. v. Pasadena Indep. Sch. Dist.*, 695 F.2d 949, 955 (5th Cir. 1983). In such cases, the final judgment and merger rules conflict and/or equitable circumstances may compel a different result. The same can be said here.

On August 14, 2023, the same day as the Government filed its motion to voluntarily dismiss appeals, BlackHawk requested the district court to find its preliminary injunction remains in effect. Emergency Motion to Clarify Status of

4

Injunctive Relief, (Aug. 4, 2023) (ECF No. 251).[2] Alternatively, BlackHawk requested the district court to issue an identical preliminary injunction by enforcing the *unstayed* portion of its final judgment, which includes a legal determination that the Final Rule is unlawful. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (federal courts possess "inherent power to enforce [their] judgments"); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments."); *Thomas v. Hughes*, 27 F.4th 363, 370 (5th Cir. 2022) (noting "it is well established that courts have the power to enforce their judgments through injunctive relief" and affirming district court's post-judgment order entered after party noticed its appeal). The district court's entry of any of the above relief may provide grounds for finding the current appeal is not moot, or that an exception exists to adjudicate issues not covered by the final judgment, or otherwise for reasons of fairness or judicial economy.

BlackHawk additionally has moved the district court for an injunction pending appeal (which as of the date of this filing is pending). *See* Fed. R. App. P. 8(a)(1)(c) ("A party must ordinarily move first in the district court for the following relief: … (c) an order … granting an injunction while an appeal is pending."). Granting that relief (either at the trial or appellate court level) makes eminent sense

---

[2] BlackHawk's Emergency Motion is available at:
https://storage.courtlistener.com/recap/gov.uscourts.txnd.366145/gov.uscourts.txnd.366145.251.0.pdf

as BlackHawk (according to the Government) no longer is covered by the injunctive protections during litigation it had previously and deserves now as a party (successfully) challenging agency action, including with findings by both the district court and this Court that it is likely to succeed on the merits and has established irreparable harm.

Naturally, should this Court grant BlackHawk that relief either *sua sponte*, or by construing this response as a motion for such relief, the preliminary injunction appeal surely would become moot and BlackHawk would have no objection to voluntary dismissal by the Government.

Dated: August 24, 2023                Respectfully submitted,

/s/Michael J. Sullivan
Michael J. Sullivan
Nathan P. Brennan
ASHCROFT LAW FIRM, LLC
200 State Street, 7th Floor
Boston, MA 02109
(617) 573-9400
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for BlackHawk Manufacturing Group, Inc., doing business as 80 Percent Arms*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, I electronically filed the foregoing document with the Clerk of this honorable Court by using the appellate CM/ECF system. Participants in the cases are registered CM/ECF users, and service was accomplished by the CM/ECF system.

Dated: August 24, 2023               */s/ Michael J. Sullivan*
                                                                   Michael J. Sullivan

## CERTIFICATE OF COMPLIANCE

I certify that this Response Brief of Plaintiff-Appellee BlackHawk Manufacturing Group, Inc. complies with the type-volume limitation of FED. R. APP. P.27(d)(2)(A) because this brief contains 1,296 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 (Version 2212) in Times New Roman 14-point font.

Dated: August 24, 2023         */s/ Michael J. Sullivan*
                               Michael J. Sullivan